

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERYL JANE FOLLOWELL, as
EXECUTRIX OF THE ESTATE OF
BETTY JEAN GURLEY, ET AL.                                    PLAINTIFFS

vs.                          CASE NO. **4:07CV00225WRW**

UNITED STATES OF AMERICA                                      DEFENDANT

### ORDER

Plaintiffs filed this action seeking a declaratory judgment that Defendant, the Environmental Protection Agency ("EPA" or "the United States"), is barred by the doctrine of *res judicata* from seeking to have any portion of its claim paid from funds created through proceeds of property transfers to Betty Gurley before June 18, 1990.

### I. Background

The dispute between Plaintiffs and the EPA has a "long and tortuous history." On November 18, 1987, the EPA filed a civil action involving the Gurley Pit Superfund Site, 3:87CV291GH (the "Edmondson litigation").[1] Defendants in the action were Gurley Refining Company ("GRC"), Gurley Refining Company, Inc., R. A. Caldwell, William Martin Gurley, Betty Gurley,[2] and Larry Gurley. The EPA alleged that defendants in the Edmondson Litigation had violated § 107(a) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"). On June 21, 1990, the CERCLA claims against Betty Gurley and GRC were dismissed with prejudice.[3]

---

[1]*See United States v. Gurley Refining Co.*, 788 F. Supp. 1473 (E. D. Ark. 1992) for discussion of the lawsuit. The case was heard by the late Judge George Howard, Jr.

[2]Plaintiff Cheryl Jane Followell is the duly appointed Executrix of the Estate of Betty Jean Gurley.

[3]Doc. No. 2, Ex. 2.

On September 13, 1990, while the Edmondson litigation was still pending against the remaining defendants, the EPA informally sought to begin discovery on the cost phase of the CERCLA action. The EPA advised the court that it had information that the Gurley defendants were attempting to shield their assets from collection. Judge Howard instructed the EPA to file a formal motion and affidavit in support of its discovery request.[4] Judge Howard's instruction and Betty Gurley's dismissal form the basis for this action.

On March 27, 1992, the court entered judgment against the remaining Gurley defendants finding them liable for $1,786,503 in past response costs and entered a declaratory judgment for future response costs to be incurred at the Gurley Pit Site.[5]

William Gurley ("Gurley") did not pay the judgment and in July, 1995, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No. 95-03833-6B7 ("Orlando bankruptcy").[6] In October, 1995, the United States filed a complaint objecting to Gurley's proposed discharge.[7] George Mills, Jr., the Chapter 7 bankruptcy Trustee, filed a complaint in April, 1996, against Betty Gurley alleging that she had fraudulently conveyed property and seeking a declaration as to the estate's property.[8]

---

[4] Doc. No. 2, Ex. 3.

[5] 788 F. Supp. at 1485. On appeal, the Eighth Circuit held that William Gurley and Larry Gurley were liable under CERCLA, but found that the CERCLA claim against GRC was barred by a previous action the EPA brought in 1983 under the Clean Water Act. *United States v. Gurley*, 43 F. 3d 1188, 1197-1198 (8th Cir. 1994). The Supreme Court denied the petition for writ of *certiorari* on October 2, 1995. *Gurley v. United States*, 516 U. S. 817 (1995).

[6] The docket reports for the Orlando bankruptcy and the adversary proceedings are available online from the CM/ECF for the Bankruptcy Court for the Middle District of Florida. The bankruptcy is docketed as 6:95-bk-03833-ABB. The docket entries referred to are obtained from the bankruptcy court's docket reports.

[7] 6:05-ap-00293-ABB, Doc. No. 1.

[8] 6:96-ap-00159-ABB, Doc. No. 1.

In April 1996, the United States for the EPA filed a second claim against Gurley seeking $14,784,142 in damages and alleging that Gurley was liable under Section 107 of CERCLA for all response costs incurred and to be incurred at the Gurley Pit and Eighth Street Superfund Sites.[9] The EPA amended its claim in March 1998, updating the costs incurred and interest accrued for both sites.[10]

Gurley objected to the amended proof of claim in April 1998.[11] He contended that with regard to the Gurley Pit Site he was only responsible for the judgment in the amount of $1,786,502.95, plus statutory interest.

The Orlando bankruptcy court conducted an eight day trial in August and September 1997 on the consolidated adversary proceedings. It issued a memorandum opinion and judgment denying Gurley's request for discharge based on false oaths under 11 U.S.C. § 727(a)(4).[12] The court also found that the Trustee could recover property fraudulently transferred by Gurley to his wife according to 11 U.S.C. §§ 541(a)(1) and 544(b).

The court entered an amended judgment against Betty Gurley on September 16, 1997, finding that property had been fraudulently transferred.[13] In its order, the bankruptcy court addressed the United States's failure to exercise due diligence in discovering the property transfers to Betty Gurley in connection with its discussion of the appropriate statute of limitations to be applied for recovery of fraudulently transferred assets. Thus, the bankruptcy court gave consideration to the same argument that Plaintiffs raise here, that is, that the EPA is precluded from seeking Betty Gurley's assets based on the court's

---

[9] Doc. No. 7, Ex. 1.

[10] Doc. No. 7, Ex. 2.

[11] Doc. No. 7, Ex. 3.

[12] Doc. No. 7, Ex. 5., *In re: Gurley*, No. 95-03833-6B7 (Bankr. M. D. Fla. Aug. 15, 1997).

[13] Doc. No. 7, Ex. 6.

statements made during the Edmondson litigation in September, 1990. The bankruptcy court held that the EPA's lack of due diligence prevented recovering of property fraudulently transferred before April 1990. Nevertheless, the court found that the Trustee was not precluded from recovering roughly $17 million in assets transferred to Betty Gurley before April 1990 because Gurley retained an equitable ownership interest in the property.

Betty Gurley appealed the Orlando bankruptcy court's decision. She also filed a Chapter 11 bankruptcy petition for reorganization in the United States Bankruptcy Court for the Western District of Tennessee, Memphis Division ("Memphis bankruptcy").[14] On September 21, 1998, the Memphis bankruptcy court confirmed Betty Gurley's Third Amended Plan of Reorganization which required Betty Gurley to pay more than $23 million to Gurley's bankruptcy estate.

On August 9, 1999, the United States District Court for the Middle District of Florida issued an order affirming the Orlando bankruptcy court's judgment,[15] and rejected Betty Gurley's claim that the limitations period governing fraudulent transfers had expired. Betty Gurley appealed the order. On September 20, 2000, in an unpublished *per curiam* decision, the Court of Appeals for the Eleventh Circuit affirmed the district court finding Betty Gurley's statute of limitations argument to be "unavailing," since no valid transfer had taken place.[16]

Betty Gurley filed a petition for writ of *certiorari* arguing that the Eleventh Circuit erred in ruling that the statute of limitations under the Fair Debt Collection Procedures Act

---

[14]The docket report for the Memphis bankruptcy proceeding is available online from the CM/ECF for the Bankruptcy Court for the Western District of Tennessee. The bankruptcy is docketed as 97-35255-L.

[15]Doc. No. 7, Ex. 9. *Gurley v. Mills*, No. 98-1169-CIV-ORL-18 (M.D. Fla. Aug. 9, 1999).

[16]Doc. No. 7, Ex. 8. *Gurley v. Mills*, No. 99-13416 (11th Cir. Sept. 20, 2000).

("FDCPA") was not applicable to property that was never validly transferred.[17] In her statement of the case, she relied on Judge Howard's statements that the EPA should file a motion and affidavit to support its allegations of fraudulent transfer made in the Edmondson litigation.[18] The United States Supreme Court denied *certiorari* on April 30, 2001.[19]

Betty Gurley continued to claim an interest in the assets determined to be part of Gurley's estate. She sought to recover the entire value of the assets the Memphis bankruptcy court ordered to be paid to Gurley's estate. The Orlando bankruptcy court issued an order on December 27, 2001,[20] granting the Trustee's motion for summary judgment, holding that Betty Gurley's claim for interest in the property which the bankruptcy courts had found to be part of Gurley's estate was barred by *res judicata* and collateral estoppel.[21]

Betty Gurley appealed the Orlando bankruptcy court's decision to the Eleventh Circuit. In a December 31, 2003, unpublished *per curiam* decision, the appellate court affirmed the Orlando bankruptcy court.[22] The Eleventh Circuit stated:

> Allowing Followell[23] to dispute the nature of ownership and value of the property at issue would relitigate issues already finally determined by both bankruptcy courts. Followell cannot now assert that Mrs. Gurley paid consideration or value for transferred property because those issues were previously litigated. Now dissatisfied with the Tennessee Bankruptcy Court's valuation, and failing to either persuade the Tennessee courts or pursue an appeal through the Sixth Circuit Court of Appeals, Followell

---

[17]Doc. No. 7, Ex. 9.

[18]*Id.* at p. 4.

[19]*Gurley v. Mills*, 532 U.S. 1009 (2001).

[20]*In re Gurley*, 311 B. R. 910 (Bankr. M. D. Fla. 2001).

[21]*Id.* at 920.

[22]Doc. No. 7, Ex. 12. *In re Gurley*, No. 03-11602 (11th Cir. Dec. 31, 2003).

[23]The appeal was brought by Cheryl Jane Followell, personal representative of the Estate of Betty Jean Gurley.

returns to the Eleventh Circuit to collaterally attack the Tennessee court's valuation. The doctrines of res judicata and collateral estoppel bar relitigation of these issues.[24]

On June 7, 2004, the United States Supreme Court denied Followell's petition for writ of certiorari.[25]

Litigation in the Orlando bankruptcy was far from over. After the United States filed an amended proof of claim in March 1998, Gurley moved to withdraw the reference,[26] which the court granted on June 16,1999.[27] On February 25, 2000, the Florida district court granted the United States's motion to transfer the case to the Eastern District of Arkansas.[28]

The case was assigned to the Honorable Stephen M. Reasoner. On March 4, 2004, Judge Reasoner found Gurley to be responsible for over $13 million in response costs at the Gurley Pit Site. The figure included costs incurred from March 1, 1990 through June 30, 2001, and interest on the costs. It did not include the $1.3 million which remained outstanding from the Court's 1992 judgment relating to costs incurred before February 28, 1990.[29] Gurley appealed the ruling, and the Eighth Circuit Court of Appeals, affirmed Judge Reasoner's decision on January 20, 2006.[30]

Gurley and Followell continued to use the legal system to challenge the judgments against them. In June 2006, they filed an adversary complaint for declaratory relief against the United States in the Orlando bankruptcy court ("Orlando Declaratory Judgment

---

[24]*In re Gurley*, No. 03-11602, slip. op. at 4 (11th Cir. Dec. 31, 2003).

[25]*Followell v. Mills*, 541 U.S. 1087 (2004).

[26]See CM/ECF online docket for the District Court for the Middle District of Florida, No. 3:98-cv-00140-WTH, Doc. No. 1.

[27]No. 3:98-cv-00140-WTH, Doc. No. 9.

[28]No. 3:98-cv-00140-WTH, Doc. No. 30.

[29]*United States v. Gurley*, 317 F. Supp. 2d 870, 874, n. 1 (E. D. Ark. 2004).

[30] *United States v. Gurley*, 434 F. 3d 1064 (8th Cir. 2006).

action.")[31] In the complaint, Followell and Gurley sought a declaratory judgment that the EPA was barred by the statutes of limitations and the doctrines of *res judicata* and collateral estoppel from having any portion of its claim paid from a portion of the funds recovered by the Chapter 7 Trustee. In Count I, Gurley and Followell alleged that the United States was precluded from recovering assets transferred from Gurley to Betty Gurley before April 25, 1990, as being barred by the statute of limitations for recovery of fraudulent transfers under 28 U.S.C. § 3304 and the four year Florida statute of limitations for constructive trusts under § 95.11(3)(j), Fla. St. (2004).

In Counts II and III of their complaint, Followell and Gurley alleged that the EPA was barred by the doctrines of *res judicata* and collateral estoppel from recovering the transferred funds, arguing the EPA should have pursued them at the time of the original CERCLA action before Judge Howard.

The Orlando bankruptcy court granted the United States' motion to dismiss the Orlando Declaratory Judgment action on November 22, 2006.[32]

It stated in relevant part:

> The EPA holds two allowed claims and is entitled to payment pursuant to the statutory distribution scheme. The Plaintiffs are barred by collateral estoppel, res judicata, and the law of the case from challenging the Trustee's recovery of the $22,000,000.00, the allowance of the EPA's claims, and the EPA's right to receive distribution.
>
> The Plaintiffs' Complaint is an attempt to relitigate issues and claims decided on their merits in previous litigation. Final judgments and orders were issued by this Court, the Tennessee Bankruptcy Court, the United States District Courts of Florida, Arkansas and Tennessee, and the United States Courts of Appeals for the Sixth, Eighth and Eleventh Circuits, which are all courts of competent jurisdiction. The present causes of action and issues are identical to those litigated previously. Followell, as the Executrix of her mother's estate, is in privity with Mrs. Gurley. The parties involved in the previous litigation are identical to, or in privity with, the parties of this adversary proceeding. No new evidence, changes in the law, or erroneous decisions creating a manifest injustice exist. The Plaintiffs are barred by the

---

[31] The Orlando Declaratory Judgment action complaint is attached as Exhibit 11 to Docket No. 13. It is also available on the CM/ECF online docket for the Bankruptcy Court for the Middle District of Florida, No. 6:06-ap-00121-ABB, Doc. No. 1.

[32] *In re Gurley*, 357 B. R. 868 (Bankr. M. D. Fla. 2006).

doctrines of res judicata, collateral estoppel, and the law of the case from relitigating the claims contained in their Complaint.[33]

The Orlando bankruptcy court further stated that the cases underlying previous final judgments all involved "the same operative facts contained in the Plaintiffs' Complaint and the same parties, or parties in privity with the original parties. The issues raised on the Complaint have already been litigated and resolved in prior proceedings."[34]

Gurley and Followell, as could be expected, appealed the bankruptcy court's dismissal to the district court for the Middle District of Florida.[35] The district court has not yet decided the appeal.[36]

Attempting to pursue yet another avenue for relief, Plaintiffs filed this action on March 15, 2007. The United States has filed a motion to dismiss, arguing that the complaint is barred by the doctrines of *res judicata*, collateral estoppel, law of the case, and the first-filed rule.

The saga does not end, however. On June 7, 2007, the Orlando bankruptcy court granted the United States' request for distribution.[37] The court found that the United States, on behalf of the EPA, was entitled to distribution of all remaining funds in the estate less administrative expenses and a hold back of $500,000 to cover potential future litigation expenses incurred by the Trustee.

As could be expected, Followell and Gurley appealed the June 7, 2007 order.[38] That appeal is still pending. They also filed an emergency motion on June 14, 2007,

---

[33] *Id.* at 875.

[34] *Id.* at 879.

[35] No. 5:06-cv-00458-WTH-GRJ, Docket No. 1.

[36] According to the docket sheet available on the CM/ECF for the Middle District of Florida, the last document filed was the United States' reply brief, filed on April 27, 2007.

[37] Case 6:95-bk-03833-ABB, Doc. No. 385.

[38] *Id.*, Doc. No. 389.

asking for a stay under Rule 8005 pending the outcome of appeal. The bankruptcy court denied the motion on June 19, 2007.[39]

## II. Analysis

As stated above, the United States has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[40] The factual background, as set forth above, describes over a decade's long saga of Plaintiffs' attempts to avoid paying the EPA the response costs associated with the Gurley Pit Site. After failing to obtain relief numerous times, from numerous courts, Plaintiffs now come to this Court seeking relief on a well-worn argument that the EPA's claims are barred by its failure to pursue a fraudulent conveyance action in the original Edmondson litigation.

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . . Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.[41]

In determining whether *res judicata* applies, the Court must determine "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action

---

[39]*Id.,* Doc. Nos. 400 and 414.

[40]Under Fed. R. Civ. P. 12(b)(6), the Court can take judicial notice of public records and consider them. *Levy v. Ohl*, 477 F. 3d 988, 991 (8th Cir. 2007).

[41]*Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted and internal quotations omitted).

and the same parties or their privies were involved in both cases."[42] Collateral estoppel has five elements:

> 1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.[43]

Plaintiffs argue that they have not had the opportunity to litigate the exact issue here; i.e., that the United States should be barred from recovery of funds from the bankruptcy estate based on this Court's previous orders. It is clear, based on the above history of the litigation between the parties, that Plaintiffs have had more than ample opportunity to litigate these claims. The facts alleged here and the relief sought track the Orlando Declaratory Judgment action, which the Orlando bankruptcy court found to be barred.

That Plaintiffs try to couch this complaint under a new theory does not save the day. "A party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action with a new theory."[44] Plaintiffs, in both the Orlando Declaratory Judgment action and this case, seek to bar the United States from having any portion of its allowed claims paid from property recovered by the Trustee from Gurley's transfers to Betty Gurley before 1990. Both allege that the United States is barred from recovering

---

[42] *Banks v. Int'l Union Electronic, Elec., Technical, Salaried and Machine Workers,* 390 F.3d 1049, 1052 (8th Cir. 2004).

[43] *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quoting *Anderson v. Genuine Parts Co., Inc.,* 128 F. 3d 1267, 127 (8th Cir. 1997)).

[44] *Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 450 (8th Cir.1979). *See Friez v. First Am. Bank & Trust of Minot,* 324 F. 3d 580, 581 (8th Cir. 2003) (even though plaintiff advanced different legal theories in the two cases his cause of action was the same and therefore the subsequent tort claim was barred).

based on the doctrine of *res judicata* stemming from the United States's alleged violation of this Court's orders.

Plaintiffs' claims are devoid of merit. The Court exercised its jurisdiction to dismiss Betty Gurley from the CERCLA litigation, no more and no less. The Court did not order the EPA to proceed with a fraudulent conveyance action. The EPA attorney's reference during the September, 1990 to the collection effort as another phase of the case cannot be interpreted to mean that EPA could never bring a separate action to enforce its judgment.

The Order entered by this Court was a dismissal of the CERCLA claim against Betty Gurley. The EPA does not seek to revive that claim. Plaintiffs have not cited any authority other than the general proposition that courts have inherent authority to enforce compliance with their orders. Plaintiffs have not demonstrated that EPA has not complied with the Order of Dismissal.

Plaintiffs have litigated and relitigated the issue of the EPA's entitlement to funds that are part of the Gurley bankruptcy estate. They have brought the claims under various guises, but the substance is always the same -- the EPA should be precluded from seeking assets that courts have found were fraudulently transferred or were never validly transferred and, therefore, are part of the Gurley bankruptcy estate.

The doctrines of collateral estoppel and *res judicata* apply with full force in this instance. Plaintiffs have engaged in vexatious litigation, clogging the dockets of bankruptcy courts, district courts, appellate courts, and the United States Supreme Court.

They continue to dispute the claims of the United States, having just a few days ago filed a motion for a preliminary injunction in this Court. The motion mirrors other requests, filed elsewhere, seeking essentially the same relief. For example on June 21, 2007, Followell filed in the district court for the Middle District of Florida a motion for an order granting a stay under Bankruptcy Procedure Rule 8005 pending appeal of the

bankruptcy court's June 7, 2007, order directing payment by the Trustee of more than $23 million to the United States.[45] Followell's request was denied on that same date.[46]

Plaintiffs are playing fast and loose with the Court in their ongoing attempt to avoid payment of the judgment EPA obtained in the CERCLA action. Their efforts have involved numerous court orders, all adverse to their position. It is time to stop wasting judicial resources with frivolous arguments.

The motion to dismiss is GRANTED. The complaint is DISMISSED WITH PREJUDICE. The motion for a preliminary injunction is DENIED.

IT IS SO ORDERED this 2nd day of July, 2007.

UNITED STATES DISTRICT JUDGE

---

[45] Case number 5:07-mc-00003-WTH-GRJ, Docket No. 1.

[46] Id., Docket No. 2.